COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      David Angel Ramos v. The State of Texas

Appellate case number:    01-12-00957-CR

Trial court case number:  12CR0162

Trial court:              10th District Court of Galveston County

Appellant's brief was first due in the above-referenced appeal on November 30, 2012. The Court granted appellant's motion for an extension of time to file the brief through December 31, 2012.

On January 29, 2013, appellant filed a motion to remand the case to the trial court "for a fact finding hearing or supplementing the record." Appellant asserts that his "proposed jury charge requested, denied, and submitted for the record and appellate review was not contained within the clerk's record or the reporter's record."

Appellant's request for the reporter's record, which is contained in the clerk's record, reflects that he requested that all exhibits be filed. *See* TEX. R. APP. P. 34.6(a). The reporter's record reflects that the trial court granted appellant's request to include a copy of his proposed jury charge in the record. There is discussion in the record concerning whether appellant would submit his marked-up copy or would submit a clean copy "later." The outcome is unclear.

Accordingly, we direct the trial court to conduct a hearing at which a representative of the Galveston County District Attorney's Office, appellant's counsel, and appellant shall be present.[1] The trial court shall have a court reporter record the hearing. The trial court is directed to make findings on the following issues:

> (1)    whether appellant's proposed jury charge was submitted to the trial court and admitted into the record;

---

[1]    If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed circuit video teleconferencing. Any such teleconference must use a closed circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(2)     whether it has been lost or destroyed, or can be located and forwarded to this Court; and

(3)     if the court finds that the exhibit has been lost or destroyed,

   (a)     whether such loss or destruction was appellant's fault;

   (b)     whether the lost or destroyed exhibit can be replaced by agreement of the parties; and

   (c)     whether a duplicate copy of the exhibit exists that the trial court determines to accurately duplicate with reasonable certainty the original exhibit.

(4)     If the court determines that a supplemental record containing the exhibit is to be filed, set a date by which the supplement will be filed in this Court, no later than 20 days after the hearing.

TEX. R. APP. P. 34.6(f)(1), (2), (4).  At this time, this Court expresses no opinion as to whether the exhibit in question is necessary to the resolution of the appeal.  *See* TEX. R. APP. P. 34.6(f)(3).

**The trial court shall cause its findings and recommendations to be included in a supplemental clerk's record and filed in this Court no later than March 6, 2013.  The court reporter shall file the record of the hearing no later than March 6, 2013.**  If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed no later than March 6, 2013.

Appellant's motion to extend time to file a brief is **granted**.  Appellant's brief will be due 14 days after a supplemental record is filed containing a copy of the exhibit at issue or a supplemental record is filed containing the trial court's finding that no exhibit will be filed.  *See* TEX. R. APP. P. 38.6(d).

The appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket when either a supplemental record is filed containing a copy of the exhibit at issue or a supplemental record is filed containing the trial court's finding that no exhibit will be filed.  The Court will also consider an appropriate motion to reinstate the appeal filed by either party.

It is the responsibility of any party affected by this order to request a hearing date from the trial court and to schedule a hearing to obtain the trial court's findings in compliance with this order.  If the parties do not request a hearing within 10 days from the date of this order, the court coordinator of the trial court shall set a hearing date and notify the parties.

It is so **ORDERED**.


Judge's signature: /s/ Sherry Radack
               ☑ Acting individually     ☐ Acting for the Court


Date:  February 13, 2013